IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| TERRIE MCDOUGAL, )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>CAROLYN W. COLVIN, )<br>ACTING COMMISSIONER OF )<br>SOCIAL SECURITY, )<br>)<br>Defendant. ) | No. 13cv39 EJM<br><br>ORDER |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for social security disability income benefits and for supplemental security income benefits. Briefing concluded December 30, 2013. The court has jurisdiction pursuant to 42 USC §405(g). Affirmed.

Plaintiff claims disability due to fibromyalgia, obesity, bilateral total knee replacements, coronary artery disease (CAD), obstructive sleep apnea, major depressive disorder, somatization disorder, and narcotic medication dependence. She asserts the Administrative Law Judge (ALJ) (1) failed to consider and give proper weight to the medical opinions in the record, especially that of Harlan Stientjes, Ph.D., (2) failed to adequately assess the Residual Functional Capacity (RFC) especially as it pertains to plaintiff's mental capacity, and (3) failed to adequately assess plaintiff's subjective complaints. Accordingly, she asserts that

the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision...Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992).

Regarding plaintiff's first claim that the ALJ failed to consider and give proper weight to the medical opinions in the record, especially that of Harlan Steintjes, Ph.D., a review of the record shows that the ALJ thoroughly discussed the medical opinions of Dr. Steintjes, and of Dr. First and the State agency doctors, and largely, although not completely, agreed with them. Dr. Steintjes opined that plaintiff was capable of understanding and remembering simple oral and written instructions with some reminders and would have some challenges with interpersonal skills. The ALJ found that plaintiff could not perform complex, detailed jobs and should have only brief interaction with others. The ALJ's RFC finding is consistent with the opinion of Dr. Steintjes on medical questions. It does differ on non-medical vocational questions, where it is supported by the expert testimony of the vocational expert.

The ALJ's ruling is also consistent with the opinions of Drs. Greenfield and Nelson, in that they allowed and the ALJ found that plaintiff could perform sedentary work with additional non-exertional limitations. Similarly, the ALJ's ruling is consistent with the psychiatric opinions of Drs. Olsen and Tashner, who

2

opined that plaintiff was capable of moderately complex activities that did not require intense concentration, extensive social interaction, or frequent changes in routine, all of which were properly incorporated into the hypothetical question asked to the vocational expert.

Regarding plaintiff's challenge to the RFC determination, the ALJ properly incorporated into plaintiff's RFC those impairments and restrictions found credible (Tr. 14-17). See McGeorge v. Barnhart, 321 F.3d 766, 769 (8th Cir. 2003). The ALJ found plaintiff retained the RFC to:

> Perform sedentary work as defined in 20 C.F.R. §404.1567(a) in that the claimant is capable of carrying/lifting ten pounds occasionally and less than ten pounds frequently, can sit for six hours of an eight hour day, and can stand/walk for two hours of an eight hour day. The claimant can occasionally climb, balance, stoop, and crouch, but can never kneel or crawl...she is precluded from highly-complex, detailed jobs and should have only brief, superficial interaction around the public and coworkers. (Tr. 16).

The ALJ has the duty to formulate RFC based on all the relevant, credible evidence of record. Cox v. Astrue, 495 F.3d 614, 619 (8th Cir. 2007); see also 20 C.F.R. §404.1545-1546; SSR 96-8p, 1996 WL 374184 at *5. Substantial evidence on the record as a whole supports the ALJ's finding of plaintiff's RFC.

When posed with a hypothetical question that included all of plaintiff's credible impairments, the vocational expert testified such an individual could perform the positions of timekeeper, pricing clerk, and data examination clerk, as those positions are generally performed in the national economy. (Tr. 23, 57).

The hypothetical question posed to the vocational expert was proper, as it included those impairments and restrictions found credible by the ALJ. See Gragg v. Astrue, 615 F.3d 932, 940 (8th Cir. 2010).

Finally, while plaintiff urges that the ALJ failed to properly evaluate her subjective allegations, it is the court's view that in discounting the credibility thereof, the ALJ's evaluation was proper, and the ALJ permissibly relied upon consideration of plaintiff's inconsistencies with the objective medical evidence; her rather rigorous activities of daily living; the limited extent of treatment recommended for plaintiff's allegedly disabling impairments; and the use of predominantly over-the-counter medications for her allegedly disabling hip and back pain. "The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts." Baldwin v. Barnhart, 349 F.3d 549, 558 (8th Cir. 2003).

Upon the foregoing, it is the court's view that the Commissioner's decision is supported by substantial evidence on the record as a whole.

It is therefore

ORDERED

Affirmed.

February 20, 2014

*Edward J. McManus* (signature)
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT